*532
 
 Gastón, Judge.
 

 Several exceptions have been taken by Hie plaintiff to the report of the commissioner,' but the court understands from the counsel on both sides, that it is not required to pass upon any hut a part of the seventh exception, because if that he not sustained, the plaintiff cannot bring the defendant in debt; and if it be sustained, the parties will either settle all the other matters embodied in the exceptions, or take an account
 
 de novo.
 
 The defendant’s testator had been the guardian of the three children of
 
 William Green
 
 deceased, and their whole property was derived from their father. By a will, not executed however with the formalities necessary in a devise of lands, the testator after making a provision for his wife, proceeded as follows: [His Honor here repeated the terms of the will as above set forth.] The guardian who had the care of all these infants, made the expenses of their support and education a joint charge upon this property as a common fund, and the master has followed the same principle in taking the account. The plaintiff in his seventh exception objects to this as erroneous, and insists that his undivided third part of this fund, ought to have been charged witli the separate expenses of his support and education.
 

 If we arc at liberty to indulge in conjecture as to the intention of the testator, we should perhaps sanction the interpretation of the will which was adopted by the master. The infants were to be supported and schooled by the income of this property, and the property itself was afterwards to be divided between them. It is not an unreasonable supposition, that the father intended, if sickness, accident, or difference in their capacities for receiving such instructions as would qualify them for the business and duties of life, should render a larger expenditure necessary upon one than the others, that their portions, when entering on life, should be nevertheless equal. It is usual for parents who live to settle their children, to make such allotment, and it is natural to look for such provision in the will of him who is taken from them before such duty is performed. But we are not permitted to indulge in conjecture. If his intention
 
 *533
 
 can be collected from the will, wo are to follow it out; but if that gives no rule to guide us in this respect, we must follow the rules of law. Although the will could not be operative to pass lands, if it bad attempted to devise them, it manifests a clear purpose that the personal shall accompany the real property. Had it been operative as to lands, the real estate, as it is not devised away from his children, would have descended, as it has descended to them, on his death, as tenants in common. There can be no question but that under the will, the personal property became vested in them in like manner; that the division only was postponed, and that on the death of one before a division, his interest would have been transmissible to his representatives. If each of the children take an undivided third part, both of the real and personal property, the profits of each share follow upon the share itself, as its fruits, unless some other disposition is made of them. And if no means were provided for the necessary support of the children, the income of each became applicable to the support of each. The will is utterly silent as to the profits of the property in which they respectively obtain these undivided shares, and as to the charges to be imposed on them.'— No intent, therefore, to make the profits of the whole property, a joint fund for the .support of all the tenants in common, is expressed. In strong terms the division of the property is prohibited, until the eldest, by marriage or arrival at the age of twenty-one, shall ha\ e occasion for the allotment of her part in severalty. If from this direction it could be
 
 ivferred,
 
 as if the testator had so declared, that until this division, the profits should he joint, and the'charges on them joint, then we should he justified in giving effect to his direction thus satisfactorily ascertained. But we cannot draw this inference. He might for many obvious reasons, besides this conjectured purpose, have wished a division to be postponed until absolutely necessary. He might, from the nature of the property, have deemed it more for the interest of each, that the whole properly should be kept together, and worked together, believing that thus the
 
 *534
 
 whole receipts would be greater, the entire expenditures less, and the nett income of each be thereby enlarged. ¥e must follow then the general rules of law, by which the profits attend on the shares, and the charges attach to the profits. And we do this with the more confidence, as in all the' cases wc have met with where maintenance is decreed to children who take an undivided property by will, we find that the maintenance of each child is deducted out of the profits of his share.
 

 The court feels itself bound to declare so much of the seventh exception, as objects to that part of the report which credits the guardian in account with the plaintiff with a third part of the expenses of the support and maintenance of the three wards, must be allowed, and that the guardian instead thereof, is to be credited with the separate expenses for the support and education of the plaintiff. The parties will proceed to settle the account on this principle, or have a new account at the option of cither. And for this purpose, and in pursuance of the agreement of the parties, the court doth set aside all the residue of said report, without an expression of opinion on the matters therein embraced.
 

 Per Curiam. — Exceptios sustained.